IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 2:01-00007-KD |
| **TABITHA BURKS GRAY,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

This action is before the Court on the motion for compassionate release or reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and documents in support filed by Defendant Tabitha Burks Gray (doc. 435, 435-1, 435-2, 435-3).[1] Upon consideration, and for the reasons set forth herein, the motion is DENIED.

As grounds, Gray states that extraordinary and compelling circumstances exist because she has been given power of attorney and guardianship of her two minor grandchildren. Gray states that their father, her son, committed suicide in December 2021. The mother of the children has given Gray the power of attorney and guardianship because the mother had a mental breakdown and can no longer care for the children. Gray states that "no one else is willing to assist in the caregiving of the children" and that if she is not granted release, the children will be placed in the "custody of Child and Family Services" (doc. 435, p. 2). Gray acknowledges that the minor children are not her children. However, she argues that "it would be an injustice all in itself if the Power of Attorney and Guardianship given to Petitioner to care for her children was

---

[1] Gray also moves the Court for expedited reconsideration of the Order denying her second motion for compassionate release. This motion is **moot.** Previously, the Court denied Gray's second motion (doc. 431) and Gray moved for reconsideration (docs. 432, 433). The Court denied the motion for reconsideration on March 14, 2022, and a copy was mailed to Gray that

disregarded on a technicality of the language of the law and the children end up being placed somewhere that Petitioner could not find them upon her release." (Id.).

To obtain a sentence reduction based on "extraordinary and compelling reasons," the reduction must be "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Court of Appeals for the Eleventh Circuit has held that Policy Statement U.S.S.G. § 1B1.13 applies to motions pursuant to 18 U.S.C. § 3582(c)(1)(A). United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021) (holding that "1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)").

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A)(i). Specifically, a terminal illness or a serious condition or impairment, or age-related deterioration of health which substantially limits an inmates' ability to provide self-care while incarcerated; advanced age (at least 64 years old) and serious deterioration of physical or mental health; certain family circumstances involving the spouse or minor children of the defendant; and an extraordinary and compelling reason other than, or in combination with the above, as determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1(A)-(D). See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)*.

With respect to family circumstances, the Policy Statement identifies the following family circumstance which may be an extraordinary and compelling reason for release or reduction of sentence: "The death or incapacitation of the caregiver of the defendant's minor

---

day (doc. 434). The instant motion (doc. 435) was mailed to this Court on March 17, 2022 (doc.

child or minor children." U.S.S.G. § 1B1.13, cmt. n.1(C)(i)). That the minor child or children must be those of the defendant is not a "technicality of the language of the law". The plain language of the Policy Statement indicates the Sentencing Commission's intent to limit this policy to the minor children of the defendant. Since Congress specifically stated that release or reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the Policy Statement, this Court is without authority to disregard its plain language. Since the minors are Gray's grandchildren not children, release or reduction of sentence based upon these would not be consistent with Policy Statement § 1B1.13. Accordingly, Gray's motion for compassionate release is denied.

    **DONE** and **ORDERED** this 26th day of July 2022.

                                          **s / Kristi K. DuBose**
                                          **KRISTI K. DuBOSE**
                                          **UNITED STATES DISTRICT JUDGE**

---

435, p. 5, envelope postmark). The Order and the instant motion crossed in the mail.